[Civ. No. 2107.  Second Appellate District.—February 7, 1918.]

## C. M. STEPHENS, Appellant, v. NATHALIE ANDERSON et al., Respondents.

BROKER'S COMMISSIONS—INSUFFICIENCY OF EVIDENCE—PROPER NONSUIT. In this action to recover a sum of money alleged to have been earned by the plaintiff in negotiating a sale of certain real property owned by the defendants, it is held that judgment of nonsuit was properly ordered.

ID.—COMMISSIONS, WHEN EARNED.—Before a real estate agent may be said to have earned a commission he is required to show that he produced to the vendor a purchaser ready, able, and willing to buy for the price and upon the terms proposed by the vendor in the agency contract.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Eugene P. McDaniel, Judge Presiding.

The facts are stated in the opinion of the court.

Kendrick & Ardis, for Appellant.

Frank C. Scherrer, and Harriman & Ryckman, for Respondents.

JAMES, J.—This action was brought to recover a sum of money alleged to have been earned by the plaintiff in negotiating a sale of certain real property owned by the defendants. Subsequent to the commencement of the action C. M. Stephens died and his executor was substituted as party plaintiff. At the trial, after evidence had been introduced on behalf of the plaintiff, the trial judge, agreeable to motion made by the defendants, ordered judgment of nonsuit, which was thereafter entered and from which this appeal is taken.

It is claimed on behalf of the appellant that there was evidence to sustain the allegations of the plaintiff's complaint. It appears from the bill of exceptions that C. M. Stephens was the general attorney of defendants, particularly of Nathalie Anderson, and that in the year 1911 defendants gave a written statement to said Stephens wherein they particularly described certain real property and further stated: "Our price for the above two tracts is $25,000.00 cash, or half cash, balance secured by mortgage payable at one year at six per cent net. Will pay C. M. Stephens five per cent commission on sale." One Leonis testified that while acting as agent for a corporation, which latter desired to purchase the Anderson property, he called upon C. M. Stephens, knowing that the latter had the property for sale, and agreed orally with said Stephens to take the property at the price of twenty-five thousand dollars. He stated that he gave Stephens a check for one hundred dollars to bind the bargain, and was later told by Stephens, who returned him the check, that the owner would not accept the offer. Further, that Stephens told him that he would have to go to Mrs Anderson and buy the property direct from her. It appeared in testimony that subsequent to this time other agents of the corporation which desired to purchase the property, acting upon the report of Leonis that he was unable to get it through Stephens, took up negotiations with Mrs. Anderson and, after considerable talk was had backward and forward and

much discussion over the price, the corporation purchased the property for the sum of thirty-five thousand dollars.  It was nowhere shown in the testimony that Mrs. Anderson, at the time she dealt with the agents of the company to whom she sold her property, knew that the purchaser was a purchaser who had been found or produced by Stephens.  There was no evidence that Stephens communicated to her any offer to purchase the property, and in these particulars we think there was a failure of proof necessary to sustain the plaintiff's case.  We think the rule is fundamental and well understood that before an agent may be said to have earned a commission he is required to show that he produced to the vendor a purchaser ready, able, and willing to buy for the price and upon the terms proposed by the vendor in the agency contract.  The alleged agency was in no wise an exclusive agency, and, under the conditions shown, Mrs. Anderson had the right to deal independently with any one who desired to purchase directly from her.  While it is true that she did secure a price in excess of twenty-five thousand dollars, the negotiations which led to a consummation of the deal were all carried on directly with her and the price and terms of purchase were thus arrived at.  We are of the opinion that the trial judge was right in ordering the judgment of nonsuit.

The judgment is affirmed.

Conrey, P. J., and Works, J., *pro tem.*, concurred.